United States District Court
Southern District of Texas

**ENTERED**

April 16, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Duncan Shibley, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:25-cv-00527 |
| v. | § § | |
| Americ Martin, et al., | § § | |
| *Defendants.* | § § § § | |

## ORDER GRANTING LEAVE TO AMEND

In this personal injury suit, Plaintiff Duncan Shibley filed an unopposed motion for leave to file a third amended complaint. Dkt. 40. For the following reasons, leave is granted.

Shibley alleges that he was injured while assisting Defendants with the load on their trailer. *Id.* at 1. He sued Defendants Americ Martin, Jemil Martin, and Cortez Chancellor on February 7, 2025. Dkt. 1 (original complaint). On August 29, 2025 Shibley amended his complaint to add Defendant Triple AAA Holdings LLC ("Triple AAA I") after he first became aware of Triple AAA's involvement in the incident. Dkt. 21 (first amended complaint); Dkt. 22 (second amended complaint). After serving Triple AAA I, the entity informed Shibley that they were the incorrect party. *See* Dkt. 40 at

2.  It took Shibley "nearly six months" to find the correct entity, Triple AAA Holdings, LLC ("Triple AAA II").  *Id.*  While searching for the correct defendant, the parties engaged in discovery, which helped identify Triple AAA II and its role in the underlying incident.  *See id.* at 2-3.

After Triple AAA II was served, Dkt. 37 (return of service), it submitted a request for a pre-motion conference and leave to file a 12(b)(6) motion to dismiss.  Dkt. 38.  Triple AAA II contends that the second amended complaint (Dkt. 22) contains insufficient factual allegations to support Shibley's claim against it.  *See* Dkt. 38 at 2.

Shibley explains that the third amended complaint would substitute the correct Triple AAA Holdings, LLC defendant and clarify his allegations against this new party to include new, recently-obtained information.  *See* Dkt. 40 at 2-3.  The deadline to amend pleadings has expired.  Dkt. 20 (September 22, 2025 deadline).

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired."  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *see* Fed. R. Civ. P. 16(b).  "Rule 16(b) provides that once a scheduling order has been entered, it may be modified only for good cause and with the judge's consent."  *Fahim*, 551 F.3d at 348 (quotation omitted).

The good cause standard "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).  Several factors are relevant: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quotation omitted).

Those factors support a good cause finding.  First, Shibley explained that the delay in seeking leave to amend was due to the extensive time it took him to identify the correct Triple AAA defendant and learn about its role in the incident.  *See* Dkt. 40 at 2-3.  Second, the amendment is important because it substitutes the correct defendant in this lawsuit.  *See id.* at 2; *Elvir v. Trinity Marine Prods., Inc.*, 327 F.R.D. 532, 544 (M.D. La. 2018) (amendment to add the correct defendants was important), *aff'd*, 2018 WL 4628320 (M.D. La. Sept. 27, 2018); *see also, e.g., Sanchez v. Thomas*, 2024 WL 4758836, at *3-4 (W.D. Tex. Oct. 22, 2024) (the importance of substituting the correct defendant, whose role in the allegations were discovered nine months after the deadline to amend expired, weighed in favor of finding good cause), *adopted by* 2024 WL 4758053 (W.D. Tex. Nov. 8, 2024).  Third, the motion is unopposed, and no

3

party has articulated any potential prejudice resulting from the amendment. Indeed, the discovery deadline has not yet expired, and the parties may seek an extension of that deadline if necessary to obtain information concerning the new defendant. *See* Dkt. 20 (May 1, 2026 discovery deadline).

Because there is good cause to grant leave to amend, the Court further addresses the standard under Rule 15(a), which evinces a bias favoring amendment. *See SBN V FNBC, LLC v. Damon J. Baldone, a Prof. L. Corp.*, 2023 WL 2731706, at *2 & nn. 10, 13 (citing *S&W Enters.*, 315 F.3d at 535-36 and *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Under that standard, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). To constitute undue delay, the delay "must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Shibley has adequately explained his delay in seeking his amendment. *See* Dkt. 40 at 2-3. And no party has asserted—nor does the record suggest— that amendment would be unduly prejudicial, burdensome, in bad faith or for dilatory motive. While Triple AAA II intends to file a motion to dismiss, *see* Dkt. 38, the alleged pleading deficiencies do not indicate that amendment

would be futile.   To the contrary, Shibley's proposed amendment seeks to address the issues identified in the pre-motion conference letter (Dkt. 38) by expanding his allegations about Triple AAA II's actions.   *See* Dkt. 40 at 3.

It is therefore **ORDERED** that Plaintiff Duncan Shibley's motion for leave (Dkt. 40) is **GRANTED**.   Plaintiff must file his third amended complaint on the docket by **April 22, 2026**.

It is further **ORDERED** that Defendant Triple AAA II's request for pre-motion conference (Dkt. 38) is **DENIED AS MOOT**.

Signed on April 15, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

5